IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN GONZALES JOYA,

                              Petitioner,

   v.                                         OPINION and ORDER

DEPARTMENT OF HOMELAND SECURITY,                  25-cv-600-jdp

                              Respondent.

---

    Petitioner Juan Gonzales Joya, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, requesting an order vacating an expedited order of removal. He contends that because he had been in the United States continuously for the two years prior to the order and thus is not an "alien" as defined in § 1225(b)(1)(A)(iii)(II), he's not subject to expedited removal. I denied a previous petition brought by Gonzales Joya, stating that § 1225(b)(1)(A)(iii)(II) doesn't control the definition of "alien" and that district courts do not have jurisdiction to review the validity of his expedited order of removal. *Gonzales Joya v. Dep't of Homeland Sec.*, No. 25-cv-112-jdp, 2025 WL 1857596 (W.D. Wis. June 25, 2025).

    Now in his second § 2241 petition, Gonzales Joya contends that the provision barring this district court from reviewing the validity of his expedited order of removal (8 U.S.C. § 1252(a)(5)) violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, and his constitutional right to due process. But that is an argument that I have rejected in other similar § 2241 proceedings. *See, e.g.*, *Edah v. U.S. Immigr. & Customs Enf't*, No. 25-cv-577-jdp, 2025 WL 2419634, at *2 (W.D. Wis. Aug. 21, 2025) ("'The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals.'" (quoting *Nasrallah v. Barr*, 590 U.S. 573,

580 (2020))). None of the limited exceptions to § 1252(a)(5) apply to Gonzales Joya. So I will deny his current habeas petition.

ORDER

IT IS ORDERED that:

1. Petitioner Juan Gonzales Joya's petition for writ of habeas corpus, Dkt. 1, is DISMISSED.

2. The clerk of court is directed to enter judgment and close the case.

Entered September 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge